IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CENTURY SURETY COMPANY,

                Plaintiff,

      v.

FRANCISCO LOPEZ dba NERI AUTO
SALES; HERIBERTO BARAJAS; TANIA
DENISE OROZCO, as Conservator for
Eric Barajas, a Minor Child; RIGOBERTO
OROZCO-GONZALES, JR., Personal
Representative for the Estate of Ivon C.
Barajas-Orozco; MARIA BARAJAS-
BALLINES;

                Defendants.

No. 3:16-cv-00571-HZ

OPINION & ORDER

Andrew E. Passmore
Ronald J. Clark
BULLIVANT HOUSER BAILEY, PC
300 Pioneer Tower, 888 SW Fifth Avenue
Portland, OR 97204

      Attorneys for Plaintiff

Jay Richard Chock
CHOCK BARHOUM LLP
121 SW Morrison Street, Suite 415
Portland, OR 97204

      Attorney for Defendant Francisco Lopez

Douglas P. Oh-Keith
Thomas D. D'Amore
D'AMORE LAW GROUP, P.C.
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035

Kathryn H. Clarke
PO Box 11960
Portland, OR 97211

      Attorneys for Defendants Heriberto Barajas,
      Tania Denise Orozco, and Rigoberto
      Orozco-Gonzales, Jr.

HERNÁNDEZ, District Judge:

The parties dispute whether Plaintiff Century Surety Company has a duty to defend or indemnify Defendant Francisco Lopez, dba Neri Auto Sales ("Neri Auto"), in an underlying state court lawsuit. Plaintiff brings this action for declaratory judgment against Defendants Neri Auto, Maria Barajas-Ballines, Heriberto Barajas, Tania Denise Orozco, and Rigoberto Orozco-Gonzales, Jr. (collectively, "Defendants," with the exception of Ms. Barajas-Ballines, who has not yet appeared in this case). Defendants move to dismiss Plaintiff's case, arguing that the Court should abstain from exercising jurisdiction over this action. For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

### I.    The State Court Action

On November 9, 2015, Mr. Barajas, Ms. Orozco, and Mr. Orozco-Gonzales, Jr. filed an Amended Complaint in Multnomah County Circuit Court against Continental

Tire the Americas, LLC; Francisco Lopez, dba Neri Auto Sales; and Peter Sklyaruk, dba Alignment World.[1] Compl. Ex. 1 ("the state court complaint"), ECF 1-1. The state court complaint contains claims of personal injury, wrongful-death—auto, negligence, and products liability.

The relevant allegations in the state-court complaint are that Neri Auto sold a 2003 Ford Expedition SUV to Ms. Barajas-Ballines that was equipped with a defective tire. Id. at ¶¶ 7, 13. Within days of purchasing the auto, the tire tread separated from the tire carcass while Ms. Barajas-Ballines was driving, causing an accident in which passengers Heriberto Barajas and Eric Barajas were injured and Ivon Barajas-Orozco, who was pregnant, was killed. Id. at ¶¶ 14-18.

The state court complaint contains four claims against Neri Auto: (1) product liability for failure to warn, instruct, and train as to the defective tire; (2) general negligence regarding the risks of the defective tire; (3) strict liability as to the sale of the defective tire; and (4) negligent infliction of emotional distress connected to injuries and the witnessing of Ms. Barajas-Orozco's death. Id. at ¶¶ 50-65, 72-76.

## II.    The Insurance Policy

Plaintiff issued a "Commercial Lines Policy" ("the Policy") to Neri Auto. Compl. ¶ 24, ECF 1. The Policy provides liability coverage for certain covered autos. Id. at ¶ 25. Specifically, the Policy covers autos owned by Neri Auto, including autos acquired by Neri Auto after the Policy began, and non-owned autos that Neri Auto uses in its garage business. Id. at ¶¶ 26-27. The Policy provides that Plaintiff will defend and indemnify

---

[1] Because only the Amended Complaint was submitted to this Court, the Court is unable to determine the date on which the action was originally filed in state court.

Neri Auto against suits seeking damages for bodily injury and property damage caused by an accident involving the ownership or use of covered autos. Id. at ¶ 28.

However, the Policy also contains several "Exclusions." For example, the Policy does not apply to the use of autos other than "covered autos," as defined by the Policy. Id. at ¶ 32. The Policy also does not cover bodily injury or property damage occurring after possession of an auto "has been surrendered to another person pursuant to sale, conditional sale, gift, abandonment, or lease." Id. The Policy does not cover damages arising out of accidents involving autos sold by Neri Auto that have salvage titles. Id. Finally, the Policy excludes coverage for bodily injury and property damage resulting from the sale of any tires, the failure of Neri Auto to issue warnings related to the condition of the tires, and various other circumstances under which tires are the cause of an injury. Id.

## STANDARDS

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The exercise of jurisdiction under the Declaratory Judgment Act is at the discretion of the district court. Gov't Emp. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). Thus, "[e]ven if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002). However, "A District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." Dizol, 133 F.3d at 1223. When determining whether to retain jurisdiction in a properly filed declaratory-judgment action, the court

"must make a sufficient record of its reasoning to enable appropriate appellate review." Id. at 1225.

There are three main factors for the court to consider when determining whether to exercise jurisdiction over a declaratory-judgment action (the "Brillhart factors" as set out in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942)): (1) avoiding needless determinations of state-law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation.

The Brillhart factors lead district courts to "ascertain whether the questions in controversy between the parties . . . can be better settled in the proceeding pending in the state court." 316 U.S. at 495. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Dizol, 133 F.3d at 1225 (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366–67 (9th Cir. 1991)). In addition to the established Brillhart factors, the district court must "balance concerns of judicial administration, comity, and fairness to the litigants." Chamberlain, 931 F.3d at 1367.

## DISCUSSION

Plaintiff asks this Court to enter judgment declaring Plaintiff does not have a duty to defend or to indemnify Neri Auto because the auto involved in the accident was not a covered automobile under the Policy. According to Plaintiff, the auto had been sold to Ms. Barajas-Ballines and had a salvage title, and bodily injury or property damage resulted from or was related to the condition of the tire as outlined in the tire exclusion clause of the Policy. Compl. ¶¶ 42-46. Defendants ask that the Court, in the exercise of

its discretion, decline jurisdiction over this matter and dismiss Plaintiff's complaint, as authorized under the Declaratory Judgment Act.

## I.       Needless determination of state law

With regard to the first Brillhart factor, this Court must decide whether it needlessly would be determining state-law issues. Defendants contend that the Court would needlessly resolve a state law insurance issue if it retained jurisdiction of the case.

Resolving the duty to defend claim does not require the Court to needlessly resolve a state law issue. Under Oregon law, a court generally resolves the issue of an insured's duty to defend by analyzing only two documents: the insurance policy and the operative complaint in the underlying liability action. Abrams v. Gen. Star Indem. Co., 335 Or. 392, 396, 67 P.3d 931, 933 (2003). For this reason, duty to defend claims generally do not raise the same Brillhart concerns as duty to indemnify claims.

In Allstate Insurance Co. v. Westom, Judge Aiken explained the distinction in the following way:

> The duty to defend is independent of the duty to indemnify, and the test for breach of the former is different from that of the latter. Northwest Pump & Equip. Co. v. Am. States Ins. Co., 144 Or.App. 222, 227, 925 P.2d 1241 (1996). "The duty to defend is triggered by the bare allegations of a pleading. In contrast, the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." Id. "An insurer has a duty to defend if the factual allegations of the complaint ... state a claim for any [conduct] covered by the [contract]." Marleau v. Truck Ins. Exchange, 333 Or. 82, 91, 37 P.3d 148 (2001).

No. 07-1265-AA, 2008 WL 441726, at *2 (D. Or. Feb. 14, 2008). Judge Aiken concluded that deciding the "duty to defend" issue in Westom would not involve a needless determination of state law issues or the facts underlying the claims. Similarly, in Allstate Insurance Co. v. Hall, Judge Brown decided to retain jurisdiction over a declaratory judgment action in which "the Court only would be required to review the underlying

state law complaint as well as the applicable insurance policies . . . to determine whether plaintiff has a duty to defend." No. 06–CV–653–BR, 2006 WL 2519608, at *5 (D. Or. Aug. 29, 2006).

As in Westom and Hall, if this Court retains jurisdiction over Plaintiff's declaratory-judgment action, the Court only will be required to review the underlying state court complaint and the Policy and then provide a determination regarding the appropriateness of coverage. The Court will not have to resolve any state law issues.

As to the duty to indemnify, the Court agrees with Defendants that resolving the issue might require resolving factual disputes at issue in the underlying state-court case. Judge Aiken recognized this possibility as well in Westom. She noted that the court could refrain from determining the indemnity issue until the state court action was completed. Westom, 2008 WL 441726 at *2. Here too, the Court may decide to stay the indemnity declaration claim until resolution of the underlying suit.[2]

In sum, allowing this case to proceed in federal court will not involve needless determination of state law issues. This factor weighs in favor of retaining jurisdiction.

## II.    Forum Shopping

Under the second Brillhart factor, there is not any evidence that Plaintiff's filing of a declaratory judgment action in this Court is a means of forum shopping. While the Court agrees with Defendants that Plaintiff could have filed a declaratory judgment action in state court, the record does not indicate Plaintiff's choice to do so in federal court favors either party. In addition, the record does not reflect any declaratory judgment action is pending between these parties in another forum. This factor is neutral.

---

[2] Plaintiff acknowledges that the question of whether there is a duty to indemnify cannot be resolved at this time. Pl.'s Opp. 2, ECF 22.

### III.    Duplicative litigation

As to the third <u>Brillhart</u> factor, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." <u>Dizol</u>, 133 F.3d at 1225. "The quintessential <u>Brillhart</u> abstention case is one in which an insurer brings a federal declaratory action to resolve an insurance coverage dispute while 'a state court action involving the same parties and the same issue of coverage [is] already pending.'" <u>Bituminous Cas. Corp. v. Kerr Contractors, Inc.</u>, No. CV 10-78-MO, 2010 WL 2572772, at *4 (D. Or. June 22, 2010) (quoting <u>Aetna Cas. & Sur. Co. v. Merritt</u>, 974 F.2d 1196, 1199 (9th Cir.1992)). That is not the case here, as the same issue of coverage involving the same parties is not pending in state court.

Defendants cite <u>Hungerford</u> for the proposition that "when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum" for the insurer to bring a related claim. <u>Am. Nat. Fire Ins. Co. v. Hungerford</u>, 53 F.3d 1012, 1014 (9th Cir. 1995) <u>overruled on other grounds by</u> <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998). Defendants argue that the state court lawsuit here is predicated on the same factual events involved in this declaratory judgment action.

However, in <u>Hungerford</u>, "the central issue in both the district court declaratory judgment action and the bankruptcy court proceeding was whether two exclusions in the Policy served to deny coverage for Hungerford." <u>Id.</u> at 1014. Here, the underlying state-court action does not include Plaintiff as a party or raise the issue of Plaintiff's duty to defend or indemnify Neri Auto. The state court proceeding will essentially decide only

whether Neri Auto is liable for selling an auto with a defective tire. The insurance coverage issues will not be addressed. Thus, the record does not reflect any duplicative litigation will occur if this Court retains jurisdiction over Plaintiff's declaratory-judgment action.

## IV.    Other factors

Other relevant factors support the Court's exercise of jurisdiction in this case. See Dizol, 133 F .3d at 1225. These additional factors include: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies. Id.

None of the additional factors weigh in favor of dismissing this case. Although this action will not decide all of the issues of liability and damages involving Neri Auto and Ms. Barajas-Ballines, it will settle all aspects of the controversy between Plaintiff and Neri Auto concerning whether Plaintiff must defend Neri Auto. There is no evidence that Plaintiff brings this action "merely for the purposes of procedural fencing or to obtain 'res judicata' advantage." See Dizol, 133 F. 3d at 1225. While Defendants argue that allowing this action to proceed would encourage insurance companies to file other routine declaratory judgment actions in federal court rather than state court, it is already not uncommon for an insurer to seek a declaration of its obligations in federal court. E.g., Allstate Ins. Co. v. Breshears, 154 Fed. App'x. 671 (9th Cir. 2005); Allstate Ins. Co. v.

Breeden, 105 Fed. App'x. 217 (9th Cir. 2004); Feldman v. Allstate Ins. Co., 322 F.3d 660 (9th Cir. 2003); Allstate Ins. Co. v. Bryant, 45 Fed. App'x. 632 (9th Cir. 2002); Connolly v. Allstate Ins. Co., 113 F.3d 1240 (9th Cir. 1997); Bituminous, 2010 WL 2572772; Westom, 2008 WL 441726; Hall, 2006 WL 2519608.

Defendants argue that a declaratory action in this Court could lead to entanglement between federal and state courts because it would create the potential for contradictory legal or factual determinations. Specifically, Defendants argue that Plaintiff's coverage defense based on the status of the vehicle title when sold is an issue of fact pending in state court. However, contrary to Defendant's argument, this Court will not need to resolve the issue of the status of the vehicle title in order to decide whether Plaintiff has a duty to defend. As discussed above, this Court's determination of Plaintiff's duty to defend will be based on the insurance policy and the operative complaint in the underlying liability action. See N. Pac. Ins. Co. v. Wilson's Distrib. Serv., Inc., 138 Or. App. 166, 170, 908 P.2d 827, 830 (1995) (in determining whether the facts alleged in the underlying complaint may be reasonably interpreted to include conduct within the coverage of the insurance policy, the court looks *only* at the complaint and the insurance policy). In sum, retaining jurisdiction will not create the potential for contradictory determinations. See, e.g., Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1108 (9th Cir. 2011) (holding that where the district court decided no issues of Alaska law outside of that defining the parties' contractual relationship, there was "little concern" that the declaratory judgment action entangled federal and state court systems).

Finally, the Court agrees with Defendants that Plaintiff could have brought this action in state court. However, this factor alone does not weigh heavily in favor of

abstention. See, e.g., Westom, 2008 WL 441726, at *2-3. Defendants concede that the convenience of the parties is a neutral factor.

In sum, all of the factors are either neutral or favor retaining jurisdiction. Therefore, the Court declines Defendants' request to abstain from exercising jurisdiction in this case.

**CONCLUSION**

The Court denies Defendants' motion to dismiss [17].

IT IS SO ORDERED.

Dated this _____9_____ day of _____August_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge